56 F.3d 64
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Darrell FOREMAN, Plaintiff-Appellant,
v.
FARMER JACK GROCERY STORES; Borman, Inc.; Borman's Foods,
jointly and severally, Defendants-Appellees.
 No. 94-2200.
 United States Court of Appeals, Sixth Circuit.
 May 16, 1995.
 
 Before: BROWN, BOGGS and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Darrell Foreman, a Michigan citizen, appeals pro se the summary judgment for defendants in this wrongful discharge action removed to the federal district court pursuant to Sec. 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 Foreman worked for the defendants as a cashier until his discharge on the ground of altering refund slips. He was a member of the United Food and Commercial Workers Union, and the terms of his employment were governed by a collective bargaining agreement. He grieved his discharge through the union pursuant to the labor contract without success. The union elected not to pursue the grievance to arbitration. Foreman filed two actions in Michigan state courts: one for wrongful discharge without just cause and in violation of a progressive discipline policy, and one for denial of accrued vacation pay. The defendants removed both actions to the federal district court and consolidated them, arguing preemption under Sec. 301 of the Labor Management Relations Act. Defendants then moved for and were granted summary judgment. On appeal, Foreman argues that his claims were not preempted and that the grounds relied on in granting summary judgment are therefore inapplicable.
 
 
 3
 Upon review, we conclude that summary judgment for defendants was properly granted for the reasons stated by the district court. Both the relationship between the parties and the rights sought to be enforced in this case are governed by a collective bargaining agreement, and the claims are therefore preempted under Sec. 301. See Terwilliger v. Greyhound Lines, Inc., 882 F.2d 1033, 1038 (6th Cir. 1989), cert. denied, 495 U.S. 946 (1990). Having determined that Foreman's claims are preempted by Sec. 301, it also becomes clear that the claims are barred. The claim of wrongful discharge is barred both by the six month statute of limitations and because Foreman has not alleged any breach of the duty of fair representation by the union. See DelCostello v. International Bhd. of Teamsters, 462 U.S. 151, 165, 169-72 (1983). The claim of denial of vacation pay is barred because Foreman did not exhaust the grievance procedures with respect to this claim. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 563 (1976).
 
 
 4
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.