110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Darrell FOREMAN, Plaintiff-Appellant,
v.
FARMER JACK GROCERY STORES; Borman's Foods; Borman's Inc.,
Defendants-Appellees.
 No. 96-1280.
 United States Court of Appeals, Sixth Circuit.
 March 21, 1997.
 
 Before: JONES, SUHRHEINRICH, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Darrell Foreman, a Michigan litigant proceeding pro se, appeals a district court judgment dismissing his civil rights action brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Foreman was employed by Farmer Jack Grocery Stores as a cashier until February 21, 1993, when he was suspended pending advisability of discharge, and subsequently terminated on March 16, 1993, for violation of Farmer Jack's Rules and Regulations. The facts underlying Foreman's discharge are set forth in the district court's order granting the defendants' motion for summary judgment and will not be repeated herein. Suffice it to say that Foreman filed the present action claiming that his discharge was due to his race in violation of Title VII. Foreman is African-American.
 
 
 3
 This is the third lawsuit filed by Foreman against the defendants, arising out of his discharge from Farmer Jack's employment on March 16, 1993. The first two cases (one alleging wrongful discharge, and the other seeking payment for unused vacation time) were each dismissed by the district court on September 27, 1994, and the Sixth Circuit affirmed their dismissal on May 16, 1995. See Foreman v. Farmer Jack Grocery Stores, No. 94-2200, 1995 WL 299052 (6th Cir. May 16, 1995).
 
 
 4
 On motion for summary judgment filed by the defendants, to which Foreman filed no response, the district court concluded that Foreman's race discrimination complaint was time-barred, and that even if the complaint was timely, Foreman failed to establish a prima facie case of race discrimination. This timely appeal followed.
 
 
 5
 Upon review, we conclude that summary judgment was proper as there is no genuine issue as to any material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994). Foreman's complaint was time-barred. Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC), and then file suit within 90 days after receiving the right-to-sue letter. 42 U.S.C. § 2000e-5(e), (f); Alexander v. Gardner-Denver Co., 415 U.S. 36, 47 (1974). Foreman admittedly received a right-to-sue notification from the EEOC on August 25, 1994, yet he did not file the present lawsuit until December 27, 1994, 124 days later. Therefore, Foreman's complaint was untimely.
 
 
 6
 Even if it is assumed that Foreman's complaint was timely, summary judgment was justified because Foreman did not carry his initial burden of establishing a prima facie case of discrimination. If a plaintiff claims race discrimination on the basis of "disparate treatment" as in this case, he must produce evidence which establishes: 1) that he was a member of a protected class; and 2) that for the same or similar conduct he was treated differently from similarly situated, non-minority employees. See Harrison v. Metropolitan Gov't of Nashville and Davidson County, Tenn., 80 F.3d 1107, 1115 (6th Cir.), cert. denied, 117 S.Ct. 169 (1996); Mitchell v. Toledo Hosp., 964 F.2d 577, 582 (6th Cir.1992).
 
 
 7
 Foreman failed to establish a prima facie case of race discrimination. Although Foreman, as an African-American male, is a member of the class of persons intended to be protected by Title VII, he failed to show that for the same or similar conduct he was treated differently from similarly situated, non-minority employees. In fact, according to Ed Darmanin, Labor Relations Manager for the defendants, Farmer Jack terminates all employees who engage in such behavior. For example, a white employee with 23 years of seniority was terminated on March 10, 1993, for bottle refund receipt fraud. Foreman relied on his own subjective, unverified belief that he was treated less favorably than white employees. However, Foreman's unsupported accusation is not enough, in itself, to create a prima facie case of race discrimination. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Therefore, summary judgment was proper.
 
 
 8
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.